(33 Misc. Rep. 562.)

WALTER v. F. E. McALLISTER CO. et al.

(Supreme Court, Special Term, New York County. January, 1901.)

1. REFERENCE—RES JUDICATA.
    A referee appointed to take an assignee's account determined claims for legal services rendered to such assignee in proceedings concerning the assignor and its property, allowing the assignee certain items of expense for specified legal services, and allowing him the sum of $420 on account for unspecified services and expenses; and his report was confirmed. *Held*, that an order directing a referee to take proof of and appraise the services performed by attorneys for such assignee "in various actions and proceedings concerning the assignor and its property" since the assignment was improper in so far as it directed the determination of claims already adjudicated.

2. SAME—ASSIGNMENT FOR BENEFIT OF CREDITORS — ALLOWANCE OF CLAIMS— EX PARTE APPLICATION.
    Where an assignee for the benefit of creditors of a certain company claimed the allowance and payment to him of certain items of expense incurred in connection with the assignment, which allowance would result in the depletion of the fund in the hands of the receiver appointed for the company, the trial of such claim should not be ordered in a pending accounting by the receiver on an ex parte application, but only after due notice to the persons whose rights would be materially affected.

3. SAME—PETITION—PREVIOUS APPLICATION.
    Where the petition on which an order appointing a referee is based is defective in not stating, as required by rule, that no previous application for such order was made, it was error to grant the order.

4. SAME—CONFORMITY OF ORDER WITH PETITION.
    Where a petition prays merely for the reference and allowance of an assignee's claim for services and for discharge, without reference to any pending proceedings, an order directing a trial of such claims "in conjunction" with the accounting of the permanent receiver of the company for which petitioner was appointed assignee was improper.

Action by Effie B. Walter against the F. E. McAllister Company and others for the appointment of a receiver. On motion to vacate an order appointing a referee. Order vacated.

Albert Ritchie, for receiver.

David Thornton, for assignee, John S. Garrison.

FITZGERALD, J. This application seeks, on the various grounds recited in the order to show cause, to vacate the order appointing a referee to hear and determine, in conjunction with the accounting proceeding of the permanent receiver pending before him, the services performed by the attorneys for the assignee and defendant Garrison in various actions and proceedings concerning the company and its property since the assignment, and the value of said services. A proper determination of the issues raised on this application is rendered difficult by the want of knowledge on the part of the court of the character, extent, or valuation of the services referred for trial by the order sought to be vacated, because no bill, voucher, or other specification thereof has been or is now presented with the papers, the account rendered by the assignee gives no detailed statement of the same, and the report of the referee taking and stating that account contains no definite description or specific appraisal of the services in question, but merely concludes that the reasonable

value of the proper and necessary legal services rendered in the management of the estate and the actions affecting the same, and with which the assignee should be credited, exceeded the amount which should be in his hands to be turned over to the permanent receiver. This difficulty is increased by the uncertainty arising from the language of the opinion and report of the referee taking and stating the account of the assignee, and from the failure of the special term and the appellate division (52 N. Y. Supp. 1151) on the hearing on the said report, and the exceptions and proposed modifications thereto, to express an opinion on the question as to whether that report and the findings thereof did or did not constitute a final and conclusive adjudication rendered in an accounting by the assignee, upon the assignee's management of the assigned estate, and upon all sums with which he should be charged and credited. The judgment setting aside the assignment directed the defendant assignee to account for and pay over to the permanent receiver the property of the company in his hands, and appointed a referee to determine, if contested, the amount of proceeds and property of the assigned estate which the assignee should pay over to the permanent receiver as so ordered. Now, the determination of the amount which the assignee should thus pay over necessarily involved the determination of the amount of the proper and necessary disbursements with which he should be credited and allowed, since an assignee is allowed the proper, necessary, and reasonable expenses of administering and protecting his trust, and is bound to pay over and distribute only the balance left after the deduction of said expenses. That this was the view held by the referee who stated the assignee's account is evident from the language of his opinion printed upon page 91 of the appeal book submitted, and may be inferred from the finding that the expenses incurred by the assignee defendant, and with which he should be credited, at least equaled in value the amount with which his account had been previously surcharged, and that consequently there was nothing for him to pay over. When the assignee was ordered to account by the judgment vacating the assignment, it was his duty to the creditors and persons interested, and should have been his policy for protection to himself, to present the full account required of assignees, containing, so far as credit items are concerned, a full specification, in the form of voucher or otherwise, of the items of expenses and disbursements incurred and paid by him, and for the amount of which he claims credit. An accounting in such form is legally required of an assignee, and necessary for his protection. Specific in itself, it enables an objecting party in interest to frame the specific objections to its items which the rule of law governing accountings by assignees requires; and it enables the officer of the court to whom such accountings are usually referred to make a final and definite adjudication of the items of debit and credit, a final determination of the balance due from or owing to the accounting party, a final adjustment of the specific rights of the parties to the accounting proceeding. The assignee would undoubtedly, upon his accounting, be entitled to credit for disbursements and expenses incurred properly, reasonably, and necessarily in the management of

the estate, and in the honest protection of his trust against the attacks of hostile creditors,—such, in fact, as for the services referred for trial in the order here objected to. It is in and upon this accounting as assignee, and not upon the accounting of a permanent receiver, that he should make claim for, and, in the case of objection, give proof of, the payment or incurring of such disbursements or expenses; not generally, as he has done here, by merely reciting that he claims his expenses and counsel fees in the assignment and in connection with the suits, actions, and proceedings, but by definite and specific recital or voucher, giving the character and amount of the items for which a claim of credit is made. He should claim, give proof of, and obtain his allowances in his accounting proceeding, where the affirmative and burden of proof is, by the rule of this court, imposed upon him, and not in the accounting of a permanent receiver, where the contrary rule of evidence prevails that the burden of establishing objection to the items of the account rests on the contestant. If, on his accounting, he had made specific claim for specific items of expense incurred for the legal services of his attorneys or otherwise, specific objections could have been framed thereto, and specific findings could have been made thereon, resulting in the final determination of the balance due from or owing to him. Upon the confirmation of such a report an order of this court could have been made directing the payment or allowance by the party found indebted therefor to the party found entitled thereto. But it may be contended—and with much force—that it would have been impossible for the assignee, on his accounting, to secure a finding by the referee of a balance due him from the assigned estate, in view of the referee's literal and restricted interpretation of the duties imposed upon him by the judgment, as contained in the following language of his opinion:

"The referee is limited, however, by the judgment, to ascertaining and determining what proceeds or property the assignee should turn over to the receiver. In view of this restriction, it does not seem proper for me to determine the value of these services in so far as the amount thereof exceeds the money which should be in the hands of the assignee."

The refusal of the referee to make any allowance for services beyond the amount charged to the possession of the assignee seems to indicate that justice requires that an opportunity be given the defendant assignee to offer proof of and obtain payment for proper, reasonable, and necessary legal services of a value in excess of that sum. Yet the order sought to be vacated is defective by reason of the indefiniteness and uncertainty of the matters referred by it for determination. It generally directs the referee to take proof of and appraise the services performed by the attorneys "in various actions and proceedings concerning the company and its property" since the assignment. The referee appointed to state the assignee's account did this to the extent of allowing certain items of expense for legal services specified in the account and vouchers, and in allowing the assignee the sum of $420 on account of the unspecified legal services and other expenses, and his report thereon now stands absolute and confirmed. In so far as the order now objected to would, by its

general terms, direct the hearing and determination of the claims for services already adjudicated upon and determined by the report of the previous referee, now in full force and effect, it would be improper. If the attorneys are, by reason of legal services rendered the company, creditors thereof, claim for the amount thereof could be properly presented to the receiver, or to the referee on the receiver's accounting, and a trial had of the issues raised by said claim and the objections thereto, in which case there would be no necessity for the entry of the order now sought to be vacated. If, on the permanent receiver's accounting, in order to secure the hearing and allowance of the claim, any other method than the presentation of the duly-verified proof thereof to the receiver or referee and trial thereon is adopted, it should be upon notice to the persons whose right would be materially affected by the allowance thereof, or at least to their trustee and legal representative,—in this case the permanent receiver. The present proceeding is a statutory accounting in an equitable action by an officer of the court, subject to certain duties and liabilities and entitled to certain allowances, for the determination of the amount with which he is finally chargeable, and for the final distribution of said amount among those who, by complying with the statutory requirements, have made themselves entitled thereto. It is a specific reference for a specific purpose. The trial of a claim against the estate of which the accounting party is receiver is within its proper scope and object. The trial of a claim of a party to a contractual deed of assignment, with rights, duties, and liabilities peculiar to his trust position, to the allowance and payment of certain items of expense properly incurred, perhaps, by him, which would result in the depletion of the trust fund which is the subject of the accounting, should not, upon ex parte application, be ordered to be had in the pending proceeding, but only after proper notice, and compliance with proper procedure. It is also true that the petition upon which the objectional order is based is technically defective, in that it does not state, as required by the rules, that no previous application was made for the said order. It is worthy of note, too, that the order directing the trial of the claim for services "in conjunction" with the accounting of the permanent receiver does not strictly comply with the accompanying petition, which prays merely for the reference and allowance of the claim for services, and the discharge of the assignee and his sureties, without reference to any pending proceedings. For these reasons the order in question should be vacated and set aside.

Order vacated.